UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ALLUMS, JOHN AMMONS, SURLETHA BATES, BOBBYE BELL, REBECCA BOYKIN, RUTH E. CROSS, ELLEN CUMMINGS, JOYCE DAVIS, DIANA DERHAAG, LINDA FREEMAN, JOANN ERICKSON, JOAN GARRETT, JACK D. GRAVES, THOMAS HARDESTY, HERMINE HART, WALLACE HERBERT, JESSE JAMES, ADA M. JOHNSON, KELLI JOHNSON, ROBERT JONES, JOHN LINDSTROM, CHESTER MCCOID, NORMAN PERRIN, THELMA PHIFER, TIMOTHY L. POOLE, PAUL RAY, CHRISTINA RECAMIER, EDITH RENFROE, ROBIN ROBERTS, ROCKY SEABOLT, HAROLD M. SIMMONS SR., CAROLYN SOLOMON, HAROLD THOMPSON, LELLA VANN, KEITH WILLIAMS, LILLIE WILLIAMS, GREGORY WILLIS, <br><br>*Plaintiffs,* <br><br>v. <br><br>**PFIZER, INC.**, a foreign corporation, <br><br>*Defendant.* | DOCKET NO. <br><br>CIVIL COMPLAINT <br><br>JURY TRIAL DEMANDED |

COMES NOW the above named Plaintiffs, by and through their undersigned attorneys, Wilner Block, P.A., and brings this action against Defendant, Pfizer, Inc., and alleges as follows:

**JURISDICTIONAL ALLEGATIONS AND PARTIES**

1.   Assignment to the San Francisco Division is proper as this action is related to *In Re: Bextra and Celebrex Marketing Sales Prac. and Pro. Liab. Lit.*, MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

2.      Plaintiffs' personal injury actions for damages, excluding fees and costs, exceed $75,000.00 and relate to Defendant's design, manufacture, sale, testing, marketing, advertising, promotion and/or distribution of the unsafe medication Bextra.

3.      Defendant, Pfizer, Inc. ("Pfizer") is a Delaware corporation that maintains a principal place of business at 235 East 42nd Street, New York, New York. At all times material, Pfizer was authorized to conduct business in the United States.

4.      There is complete diversity of citizenship between the Plaintiffs and the Defendant. This Honorable Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction), because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between Plaintiffs and Defendant.

## FACTUAL BACKGROUND

5.      As a direct and proximate result of Defendant's negligence, as described herein, Plaintiffs have suffered sever and permanent personal injuries as a result of ingesting Bextra, including but not limited to myocardial infarctions, strokes and/or Steven Johnson Syndrome ("SJS").

6.      Bextra (Valdecoxib) is a prescription drug designed to treat pain through reduced inflammation agent (NSAID). Defendant, Pfizer, did develop, manufacture, design, package, market, sell and distribute Bextra for the treatment of arthritis and acute pain, at all times relevant to this action.

7.      At the time Defendant developed and manufactured Bextra, Defendant intended to capture a portion of the consumer market for cox-2 specific inhibitors.

8.      The scientific data available during and after Pfizer's approval process should have alerted Pfizer that its formulation of Bextra could cause a higher risk of blood clotting, stroke and/or myocardial infarctions among Bextra consumers.

9.      Despite the findings, Pfizer continued to conceal or minimize the cardiovascular risks associated with Bextra use.

10. Pfizer had control over the design, manufacturing, assembly, labeling, warning, packaging, marketing, advertising, promotion, direct-to consumer advertising, and/or sale of the drug Bextra.

11. At all times material, Pfizer actually knew of the defective nature of its product, Bextra, yet continued to design, manufacture, market, promote, distribute and sell its product so as to maximize company sales and profits at the expense of consumer safety and health and in conscious disregard of the foreseeable harm caused by Bextra.

12. Although Pfizer knew or should have known that dangerous cardiovascular risks were associated with the use of Bextra, it continued on its aggressive marketing campaign and continued to manufacture, package, distribute, promote and sell Bextra without adequate warnings of the serious side effect and risks.

13. Plaintiffs did not know of the potential connection between the use of Bextra and their injuries until after the Food & Drug Administration ("FDA") ordered the Defendant to issue a recall due to significant concerns about the safety of their top-selling painkiller, Bextra, on April 7, 2005.

14. Plaintiffs used Bextra for its intended purpose.

15. Plaintiffs were not warned that Bextra was dangerous to their health.

## COUNT I
## STRICT LIABILITY

16. Plaintiffs incorporates by reference paragraphs 1 through 15 above.

17. Bextra was defective and unreasonably dangerous when it left the possession of the Defendant, Pfizer, in that:

> a. When placed in the stream of commerce, Bextra contained unreasonable dangers, design defects and was not reasonably safe as intended to be used, subjecting Plaintiff to risks which exceeded the benefits of the drugs;

> b. When placed in the stream of commerce, Bextra was defective in design and formulation, making use of the drug more dangerous than an ordinary consumer would expect and more dangerous than other risks associated with Plaintiffs' conditions;

  c. Bextra contained insufficient warnings to alert consumers, the consumer's prescribing physicians and users of the severe, life-threatening complications and side effects, including but not limited to stroke and adverse cardiovascular events;

  d. There was misleading advertising and promotion concerning the benefits of using Bextra and;

  e. There are inadequate post-marketing warnings or instructions, because Pfizer knew or should have known of the significant risks associated with the use of Bextra, Pfizer failed to provide adequate warnings to consumers and the consumer's prescribing physicians and Pfizer continued to aggressively promote and advertise, direct to consumers, the sale and use of the drug.

18. The Bextra products were sold to Plaintiffs without substantial change. Plaintiffs were unaware of the dangerous propensities of the product at the time they ingested Bextra.

19. Plaintiffs ingested Bextra without making any changes or material alterations to the product.

20. Prescribing physicians do not have substantially the same knowledge as manufacturers regarding prescription medication. Prescribing physicians rely on manufacturers to provide adequate and appropriate warning regarding their products.

21. Pfizer had a continuing duty to provide accurate and adequate warnings to prescribing physicians of the dangers, risks and reactions associated with the use of Bextra.

22. The warnings given by Pfizer, to prescribing physicians, regarding Bextra were deficient, inadequate, unclear, misleading and/or ambiguous.

23. Plaintiffs could not have discovered any defects in Bextra through the exercise of due care.

24. As a result of the foregoing acts and omissions, the Plaintiffs herein were, and/or still are, caused to suffer sever and permanent personal injuries, physical pain and mental anguish, including diminished enjoyment of life, loss of earnings, medical expenses, death, and other serious injuries, which are permanent and lasting in nature.

25. As a direct and proximate result of Defendant's conduct alleged herein, Plaintiffs have incurred expenses for reasonable and necessary healthcare treatment and services. Upon

information and belief, Plaintiffs will be required to obtain medical and/or hospital care, attention, and services in an amount as yet unascertained.

WHEREFORE, Plaintiffs demand judgments against Pfizer, Inc., for damages and costs in a sum in excess of the jurisdictional requirement of this court.

## COUNT II
## NEGLIGENCE

26. Plaintiffs incorporates by reference paragraphs 1 through 15 above.

27. At all times material hereto, Pfizer had a duty to exercise reasonable care in the design, manufacture, testing, processing, labeling, packaging, advertising, marketing, distribution and sale of its products.

28. Pfizer knew or should have known that Bextra caused unreasonably dangerous risks and serious side effects. Despite such knowledge, Pfizer aggressively advertised, marketed, sold and distributed Bextra, knowing that there were safer methods and products for use with pain and inflammation.

29. Pfizer was negligent and breached its duty in the following manner:

   a. Pfizer failed to adequately and properly test its drug product, Bextra before placing Bextra on the market;

   b. Pfizer failed to adequately, accurately and appropriately warn prescribing physicians of the significant risk of cardiovascular events associated with the use of Bextra.

   c. Pfizer concealed the dangerous properties of Bextra in order to increase Pfizer's market share.

30. As a direct and proximate result of Defendant's negligence, Plaintiffs have sustained harm, including permanent and debilitation injuries. These injuries have caused, and will continue to cause, extensive pain and suffering and sever emotional distress, and have substantially reduced the Plaintiffs' ability to enjoy life and loss of earnings; and have caused, and will continue to cause, Plaintiffs to expend substantial sums of money for medical, hospital, and related case, all to Plaintiffs' general damage.

31. As a result of the foregoing acts and omissions, the Plaintiffs herein were, and/or still are, caused to suffer sever and permanent personal injuries, physical pain and mental anguish, including diminished enjoyment of life, loss of earnings, medical expenses, death, and other serious injuries, which are permanent and lasting in nature.

32. As a direct and proximate result of Defendant's conduct alleged herein, Plaintiffs have incurred expenses for reasonable and necessary healthcare treatment and services. Upon information and belief, Plaintiffs will be required to obtain medical and/or hospital care, attention, and services in an amount as yet unascertained.

WHEREFORE, Plaintiffs demand judgments against Pfizer, Inc., for damages and costs in a sum in excess of the jurisdictional requirement of this court.

## COUNT III
## NEGLIGENT MISREPRESENTATION

33. Plaintiffs incorporates by reference paragraphs 1 through 15 above.

34. At all times material hereto, Pfizer knew or should have known that its prescription medication, Bextra, caused unreasonable dangers, risks and serious side effects.

35. Despite its knowledge, Pfizer aggressively advertised, marketed, sold and distributed Bextra knowing there were safer methods and products for use with pain and inflammation.

36. Pfizer negligently misrepresented to the Plaintiffs and their prescribing physicians the safety and effectiveness of Bextra and/or negligently misrepresented material information regarding the drug and/or negligently misrepresented adverse information regarding the safety and effectiveness of Bextra.

37. Pfizer's misrepresentations were communicated to Plaintiffs prescribing physicians with the intent that they reach the Plaintiffs and that the effect of such representations would be that prescriptions would be written for the drug consuming public, including the Plaintiffs.

38.     Pfizer made these representations and actively concealed adverse information at a time when the Defendant knew, or should have known, that its drug product had defects, dangers, and characteristics that were other than what Pfizer and its representatives had represented to prescribing physicians or other dispensing entities, the FDA and the consuming public, including the Plaintiffs.

39      The misrepresentations of Pfizer were perpetuated directly and/or indirectly by Pfizer and its employees, agents and/or other detail persons.

40.     The misrepresentations by Pfizer constitute a continuing tort.

41.     Pfizer had a continuing duty to warn the Plaintiffs and/or the Plaintiffs' prescribing physicians in a timely manner about the potential risks and complications associated with Bextra.

42.     As a result of the negligence misrepresentations of the Defendant, said Defendant knew and were aware or should have known that Bextra had been insufficiently tested, that it had not been tested, that it lacked adequate and/or accurate warnings, and/or that it created a high risk and/or higher than acceptable risk, and/or higher than reported or represented risks, as well as unreasonable dangerous side effects, including but not limited to heart attack, stroke, and SJS, as well as other sever and permanent health consequences.

43.     As a result of the foregoing acts and omissions, the Plaintiffs herein were, and/or still are, caused to suffer sever and permanent personal injuries, physical pain and mental anguish, including diminished enjoyment of life, loss of earnings, medical expenses, death, and other serious injuries, which are permanent and lasting in nature.

44.     As a direct and proximate result of Defendant's conduct alleged herein, Plaintiffs have incurred expenses for reasonable and necessary healthcare treatment and services. Upon information and belief, Plaintiffs will be required to obtain medical and/or hospital care, attention, and services in an amount as yet unascertained.

WHEREFORE, Plaintiffs demand judgments against Pfizer, Inc., for damages and costs in a sum in excess of the jurisdictional requirement of this court.

## COUNT IV
## FRAUD

45. Plaintiffs incorporates by reference paragraphs 1 through 15 above.

46. Pfizer fraudulently or intentionally misrepresented to the Plaintiffs and/or Plaintiffs' prescribing physicians the safety and effectiveness of Bextra and/or fraudulently or intentionally concealed material information regarding the drug and/or fraudulently or intentionally misrepresented adverse information regarding the safety and effectiveness of the drug.

47. Pfizer fraudulently or intentionally communicated misrepresentations to Plaintiffs' prescribing physicians with the intent that they reach the Plaintiffs.

48. Pfizer knew that its representations were false.

49. Plaintiffs' prescribing physicians and Plaintiffs relied on the representations of Pfizer and approved the continuing use of Bextra by Plaintiffs.

50. Pfizer made the fraudulent or intentional misrepresentation and/or actively concealed adverse information with the intention and specific desire that the Plaintiffs, the Plaintiffs' prescribing physicians and/or dispensing entities and the consuming public would rely on such false information in selecting Bextra for treatment of pain and inflammation.

51. Pfizer made the fraudulent or intentional misrepresentations and actively concealed adverse information at a time when they knew that Bextra had defects, dangers and characteristics that were other than what Pfizer had represented to the prescribing physician or other dispensing entities, the FDA and the consuming public, including Plaintiffs. Specifically, Pfizer fraudulently or intentionally misrepresented to and/or actively concealed from Plaintiffs, Plaintiffs' prescribing physicians or other dispensing entities, the FDA and the consuming public the following adverse information regarding the drug Bextra, as ingested by the Plaintiffs:

    a. That Bextra carried risks of serious adverse effects;

    b. Despite knowing that there were serious risks of adverse cardiovascular events, Pfizer aggressively marketed, promoted advertising direct to consumer and/or sold the drug as if there was no risk;

      c. Failed to advise the Plaintiffs, Plaintiffs' prescribing physicians and others that prior studies, research, reports and/or testing had been conducted linking the use of the drug to serious adverse cardiovascular events;

      d. Represented that Bextra was safer than other alternative medications and fraudulently concealed information, which demonstrated that Bextra was not safer than alternatives available on the market.

52.     The fraudulent or intentional misrepresentation and/or concealment by Pfizer constitute a continuing tort.

53.     Pfizer had a continuing duty to warn the Plaintiffs and Plaintiffs' prescribing physicians of the drug product in their labeling, advertising, product inserts, promotional material, direct to consumer advertising or other marketing efforts.

54.     Pfizer fraudulently and intentionally misrepresented the safety and efficacy of Bextra in their labeling, advertising, product insert, promotional material, direct-consumer advertising or other marketing efforts.

55.     Plaintiffs and Plaintiffs' prescribing physicians and dispensing entities justifiably relied to their detriment on and/or were induced by the fraudulent or intentional misrepresentations and/or concealment by Pfizer regarding the safety and effectiveness of Bextra.

56.     As a result of the foregoing acts and omissions, the Plaintiffs herein were, and/or still are, caused to suffer sever and permanent personal injuries, physical pain and mental anguish, including diminished enjoyment of life, loss of earnings, medical expenses, death, and other serious injuries, which are permanent and lasting in nature.

57.     As a direct and proximate result of Defendant's conduct alleged herein, Plaintiffs have incurred expenses for reasonable and necessary healthcare treatment and services. Upon information and belief, Plaintiffs will be required to obtain medical and/or hospital care, attention, and services in an amount as yet unascertained.

WHEREFORE, Plaintiffs demand judgments against Pfizer, Inc., for damages and costs in a sum in excess of the jurisdictional requirement of this court.

## DEMAND FOR TRIAL BY JURY AND COSTS

Plaintiffs, hereby demand a trial by jury of all issues herein so triable and, in addition, demands an award of attorneys' fees and costs incurred in prosecuting this action and such other and further relief as this Court deems just and proper.

Submitted this 30TH day of November, 2007.

                                            **WILNER BLOCK, P.A.**

                                            Norwood S. Wilner, Esquire
Florida Bar No. 222194
Stephanie J. Hartley, Esquire
Florida Bar No. 997846
Erin A. Juzapavicus, Esquire
Florida Bar No. 031092
3127 Atlantic Blvd., Ste. 3
Jacksonville FL 32207
(904) 446-9817 Telephone
(904) 446-9825 Facsimile
email: nwilner@wilnerblock.com
email: shartley@wilnerblock.com
email: eaj@wilnerblock.com

and

Eddie E. Farah, Esquire
**FARAH & FARAH, P.A.**
Florida Bar No. 290521
10 West Adams Street
Jacksonville, FL 32202
(904) 396-5555 Telephone
(904) 358-2424 Facsimile

*Attorneys for Plaintiffs*