AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Facsimile:  (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendant
PFIZER INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CELEBREX AND BEXTRA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) |
| *This document relates to* | ) ) |
| MARCUS ALLUMS, et al., | ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| PFIZER, INC., | ) ) |
| Defendant. | ) ) ) ) ) ) ) |

MDL Docket No. 1699

CASE NO. 3:07-cv-6088-CRB

**PFIZER INC.'S ANSWER TO COMPLAINT**

**JURY DEMAND ENDORSED HEREIN**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2    "Pfizer, Inc.") ("Pfizer" or "Defendant") and files this Answer to Plaintiffs' Complaint

3    ("Complaint"), and would respectfully show the Court as follows:

4    ## I.

5    ## PRELIMINARY STATEMENT

6    The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

7    Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

8    Defendant may seek leave to amend this Answer when discovery reveals the specific time

9    periods in which Plaintiffs were prescribed and used Bextra®.

10   ## II.

11   ## ANSWER

12   ### Response to Allegations Regarding Jurisdiction and Parties

13   1.    Defendant states that this paragraph of the Complaint contains legal contentions to

14   which no response is required.  To the extent that a response is deemed required, Defendant

15   admits that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

16   and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

17   Panel on Multidistrict Litigation on September 6, 2005.

18   2.    Defendant admits that Plaintiffs brought this civil action seeking monetary damages, but

19   denies that Plaintiffs are entitled to any relief or damages.  Defendant is without knowledge or

20   information sufficient to form a belief as to the truth of the allegations concerning the amount in

21   controversy, and, therefore, denies the same.  However, Defendant admits that Plaintiffs claim

22   that the amount in controversy exceeds $75,000, exclusive of interests and costs.  Defendant

23   admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United

24   States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

25   accordance with their approval by the FDA.  Defendant states that Bextra® was and is safe and

26   effective when used in accordance with its FDA-approved prescribing information.  Defendant

27   states that the potential effects of Bextra® were and are adequately described in its FDA-

28   approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

3.      Defendant admits that it is a Delaware corporation with its principal place of business in New York and that it does business in the United States. Defendant denies the remaining allegations in this paragraph of the Complaint.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' citizenship and the amount in controversy, and, therefore, denies the same. However, Defendant admits that Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

### Response to Factual Allegations

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' medical condition and whether Plaintiffs used Bextra®, and, therefore, denies the same. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

6.      Defendant admits that Bextra® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs"). Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® throughout the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant denies the remaining allegations in this paragraph of the Complaint.

7.      Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® throughout the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant denies the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

8.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

9.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

10.    Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® throughout the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph of the Complaint.

11.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

12.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

13.    Defendant states that the referenced April 7, 2005 FDA document speaks for itself and respectfully refer the Court to the FDA document for its actual language and text.  Any attempt to characterize the document is denied.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, denies the same.  Defendant denies the remaining allegations in this paragraph of the Complaint.

15.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Strict Liability**

16.    Defendant incorporates its responses to each paragraph of Plaintiffs' Complaint as if set forth fully herein.

17.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint, including

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

all subparts.

18.    Defendant states that, in the ordinary case, Bextra® was expected to reach users and consumers without substantial change from the time of sale.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding whether Plaintiffs used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, denies the same.  Defendant denies the remaining allegations in this paragraph of the Complaint.

20.    The allegations in this paragraph of the Complaint are not directed towards Defendant, and, therefore, no response is required.  To the extent a response is deemed required, Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

21.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant admits that it has duties as are imposed by law, but denies having breachedhaving breached any such duties.   Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

22.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

24.     Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

25.     Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 25 of the Complaint, Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Negligence**

26.     Defendant incorporates its responses to each paragraph of Plaintiffs' Complaint as if set forth fully herein.

27.     Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant admits that it has duties as are imposed by law, but denies having breached any such duties. Defendant denies the remaining allegations in this paragraph of the Complaint.

28.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

29.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

30.     Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

31.     Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

32.     Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

        Answering the unnumbered paragraph following Paragraph 32 of the Complaint, Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Negligent Misrepresentation**

33.     Defendant incorporates its responses to each paragraph of Plaintiffs' Complaint as if set forth fully herein.

34.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and

3    denies the remaining allegations in this paragraph of the Complaint.

4    35.    Defendant admits that, during certain periods of time, it marketed and co-promoted

5    Bextra® in the United States to be prescribed by healthcare providers who are by law

6    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant states

7    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

8    prescribing information.  Defendant states that the potential effects of Bextra® were and are

9    adequately described in its FDA-approved prescribing information, which was at all times

10   adequate and comported with applicable standards of care and law.  Defendant denies any

11   wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

12   36.    Defendant states that Bextra® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendant states that the potential effects of

14   Bextra® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

17   of the Complaint.

18   37.    Defendant is without knowledge or information sufficient to form a belief as to the truth

19   of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®,

20   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

21   when used in accordance with its FDA-approved prescribing information.  Defendant states that

22   the potential effects of Bextra® were and are adequately described in its FDA-approved

23   prescribing information, which was at all times adequate and comported with applicable

24   standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

25   allegations in this paragraph of the Complaint.

26   38.    Defendant is without knowledge or information sufficient to form a belief as to the truth

27   of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®,

28   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

39.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

40.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

41.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant admits that it has duties as are imposed by law, but denies having breached any such duties. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

42.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, denies

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

43.    Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

44.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 44 of the Complaint, Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in the unnumbered paragraph following this paragraph of the Complaint.

**Response to Fourth Cause of Action: Fraud**

45.    Defendant incorporates its responses to each paragraph of Plaintiffs' Complaint as if set forth fully herein.

46.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

47.    Defendant denies any wrongful conduct and denies the remaining the allegations in this paragraph of the Complaint.

48.    Defendant any wrongful conduct and denies the remaining the allegations in this paragraph of the Complaint.

49.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, denies the same.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    adequate and comported with applicable standards of care and law.  Defendant denies any

2    wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

3    50.    Defendant states that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendant states that the potential effects of

5    Bextra® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

8    of the Complaint.

9    51.    Defendant is without knowledge or information sufficient to form a belief as to the truth

10   of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®,

11   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

12   when used in accordance with its FDA-approved prescribing information.  Defendant states that

13   the potential effects of Bextra® were and are adequately described in its FDA-approved

14   prescribing information, which was at all times adequate and comported with applicable

15   standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

16   allegations in this paragraph of the Complaint, including all subparts.

17   52.    Defendant states that this paragraph of the Complaint contains legal contentions to

18   which no response is required.  To the extent that a response is deemed required, Defendant

19   denies any wrongful conduct and denies the remaining allegations in this paragraph of the

20   Complaint.

21   53.    Defendant states that this paragraph of the Complaint contains legal contentions to

22   which no response is required.  To the extent that a response is deemed required, Defendant

23   admits that it has duties as are imposed by law, but denies having breached any such duties.

24   Defendant states that Bextra® was and is safe and effective when used in accordance with its

25   FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

26   were and are adequately described in its FDA-approved prescribing information, which was at

27   all times adequate and comported with applicable standards of care and law.  Defendant denies

28   the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

54.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

55.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

56.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

57.    Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

58.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 58 of the Complaint, Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

## III.

## GENERAL DENIAL

Defendant denies all allegations and/or legal conclusions set forth in Plaintiffs'

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Complaint that have not been previously admitted, denied, or explained.

2  IV.

3  **AFFIRMATIVE DEFENSES**

4      Defendant reserves the right to rely upon any of the following or additional defenses to

5  claims asserted by Plaintiffs to the extent that such defenses are supported by information

6  developed through discovery or evidence at trial.  Defendant affirmatively shows that:

7  **First Defense**

8  1.    The Complaint fails to state a claim upon which relief can be granted.

9  **Second Defense**

10  2.    Bextra® is a prescription medical product.  The federal government has preempted the

11  field of law applicable to the labeling and warning of prescription medical products.

12  Defendant's labeling and warning of Bextra® was at all times in compliance with applicable

13  federal law.  Plaintiffs' causes of action against Defendant, therefore, fail to state a claim upon

14  which relief can be granted; such claims, if allowed, would conflict with applicable federal law

15  and violate the Supremacy Clause of the United States Constitution.

16  **Third Defense**

17  3.    At all relevant times, Defendant provided proper warnings, information, and instructions

18  for the drug in accordance with generally recognized and prevailing standards in existence at

19  the time.

20  **Fourth Defense**

21  4.    At all relevant times, Defendant's warnings and instructions with respect to the use of

22  Bextra® conformed to the generally recognized, reasonably available, and reliable state of

23  knowledge at the time the drug was manufactured, marketed, and distributed.

24  **Fifth Defense**

25  5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the

26  applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

27  **Sixth Defense**

28  6.    Plaintiffs' action is barred by the statute of repose.

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Seventh Defense**

7.     If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiffs and Plaintiffs' damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

**Eighth Defense**

8.     The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

**Ninth Defense**

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

**Tenth Defense**

10.     Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.     Defendant affirmatively denies that it violated any duty owed to Plaintiffs.

**Twelfth Defense**

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Pfizer or persons acting on its behalf after the product left the control of Pfizer.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendant.

**Eighteenth Defense**

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.    Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendant because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.     Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.     The manufacture, distribution, and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.     Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.     Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.     Plaintiffs' claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.     Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.     Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  to § 6 of the Restatement (Third) of Torts: Products Liability.

2  **Twenty-eighth Defense**

3  28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

4  Products Liability.

5  **Twenty-ninth Defense**

6  29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

7  facts sufficient under the law to justify an award of punitive damages.

8  **Thirtieth Defense**

9  30.    The imposition of punitive damages in this case would violate Defendant's rights to

10  procedural due process under the Fourteenth Amendment of the United States Constitution and

11  the Constitution of the State of California, and would additionally violate Defendant's right to

12  substantive due process under the Fourteenth Amendment of the United States Constitution.

13  **Thirty-first Defense**

14  31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by and the Fifth

15  and Fourteenth Amendments to the United States Constitution.

16  **Thirty-second Defense**

17  32.    The imposition of punitive damages in this case would violate the First Amendment to

18  the United States Constitution.

19  **Thirty-third Defense**

20  33.    Plaintiffs' punitive damage claims are preempted by federal law.

21  **Thirty-fourth Defense**

22  34.    In the event that reliance was placed upon Defendant's nonconformance to an express

23  representation, this action is barred as there was no reliance upon representations, if any, of

24  Defendant.

25  **Thirty-fifth Defense**

26  35.    Plaintiffs failed to provide Defendant with timely notice of any alleged nonconformance

27  to any express representation.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1

### Thirty-sixth Defense

2    36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without

3    proof of causation, the claims violate Defendant's rights under the United States Constitution.

4    ### Thirty-seventh Defense

5    37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

6    labeling with respect to the subject pharmaceutical products were not false or misleading and,

7    therefore, constitute protected commercial speech under the applicable provisions of the United

8    States Constitution.

9    ### Thirty-eighth Defense

10    38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

11    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

12    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

13    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

14    Amendment of the United States Constitution, the Commerce Clause of the United States

15    Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

16    Constitution of the State of California.  Any law, statute, or other authority purporting to permit

17    the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the

18    extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and

19    restrain the jury's discretion in determining whether to award punitive damages and/or the

20    amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as

21    to what conduct will result in punitive damages; (3)  permits recovery of punitive damages

22    based on out-of-state conduct, conduct that complied with applicable law, or conduct that was

23    not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive

24    damages in an amount that is not both reasonable and proportionate to the amount of harm, if

25    any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury

26    consideration of net worth or other financial information relating to Defendant; (6) lacks

27    constitutionally sufficient standards to be applied by the trial court in post-verdict review of any

28    punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of

1   punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including,

2   without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production*

3   *Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*,

4   519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

6   39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

7   and marketing of Bextra®, if any, used in this case, included adequate warnings and

8   instructions with respect to the product's use in the package insert and other literature, and

9   conformed to the generally recognized, reasonably available, and reliable state of the

10  knowledge at the time the product was marketed.

### Fortieth Defense

12  40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

13  manufactured, and labeled in accordance with the state-of-the-art industry standards existing at

14  the time of the sale.

### Forty-first Defense

16  41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

17  information and belief, such injuries and losses were caused by the actions of persons not

18  having real or apparent authority to take said actions on behalf of Defendant and over whom

19  Defendant had no control and for whom Defendant may not be held accountable.

### Forty-second Defense

21  42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

22  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

23  intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

25  43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

26  waiver, and/or estoppel.

### Forty-fourth Defense

28  44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendant's conduct.

### Forty-fifth Defense

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiffs.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiffs would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

### Fiftieth Defense

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.    Defendant seeks an adjudication of the percentage of fault of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

### Fifty-second Defense

52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.   Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b), and should be dismissed.

### Fifty-fifth Defense

55.     Defendant states on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as may apply.

### Fifty-sixth Defense

56.     Defendant states on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendant.   Therefore, Plaintiffs' recovery against

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendant, if any, should be reduced pursuant to California Civil Code § 1431.2.

2    **Fifty-seventh Defense**

3    57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

4    Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil

5    Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

6    damages is also barred under California Civil Code § 3294(b).

7    **Fifty-eighth Defense**

8    58.    Defendant reserves the right to supplement its assertion of defenses as it continues with

9    its factual investigation of Plaintiffs' claims.

10    **V.**

11    **PRAYER**

12    WHEREFORE, Defendant prays for judgment as follows:

13    1.    That Plaintiffs take nothing from Defendant by reason of the Complaint;

14    2.    That the Complaint be dismissed;

15    3.    That Defendant be awarded its costs for this lawsuit;

16    4.    That the trier of fact determine what percentage of the combined fault or other liability

17    of all persons whose fault or other liability proximately caused Plaintiffs' alleged

18    injuries, losses, or damages is attributable to each person;

19    5.    That any judgment for damages against Defendant in favor of Plaintiffs be no greater

20    than an amount which equals their proportionate share, if any, of the total fault or other

21    liability which proximately caused Plaintiffs' injuries and damages; and

22    6.    That Defendant have such other and further relief as the Court deems appropriate.

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 April 2, 2008          GORDON & REES LLP

2

3                 By::_____/s/_____

4                  Stuart M. Gordon
                   sgordon@gordonrees.com

5                  Embarcadero Center West
                  275 Battery Street, 20th Floor

6                  San Francisco, CA 94111
                  Telephone:  (415) 986-5900

7                  Fax:  (415) 986-8054

8 April 2, 2008          TUCKER ELLIS & WEST LLP
                 .

9

10                By::_____/s/_____

11                Michael C. Zellers
                 michael.zellers@tuckerellis.com

12                515 South Flower Street, Suite 4200
                Los Angeles, CA  90071-2223

13                Telephone:  (213) 430-3400
                Fax:  (213) 430-3409

14

15                Attorneys for Defendant
                PFIZER INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:07-cv-6088-CRB

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1

## JURY DEMAND

2        Defendant Pfizer Inc. hereby demands a trial by jury of all the facts and issues in this

3  case pursuant to 38(b) of the Federal Rules of Civil Procedure.

4  April 2, 2008                                GORDON & REES LLP

5

6                                              By::_____/s/_____
7                                                  Stuart M. Gordon
                                                   sgordon@gordonrees.com
8                                                  Embarcadero Center West
                                                   275 Battery Street, 20th Floor
9                                                  San Francisco, CA  94111
                                                   Telephone:  (415) 986-5900
10                                                 Fax:  (415) 986-8054

11  April 2, 2008                                TUCKER ELLIS & WEST LLP

12

13                                             By:_____/s/_____
14                                                 Michael C. Zellers
                                                   michael.zellers@tuckerellis.com
15                                                 515 South Flower Street, Suite 4200
                                                   Los Angeles, CA 90071-2223
16                                                 Telephone:  (213) 430-3400
                                                   Fax:  (213) 430-3409

17                                                 Attorneys for Defendant
18                                                 PFIZER INC.

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111